The Chief Justice delivered the opinion of the court.
On the trial of this cause the defendant offered to examine one Annaniah Gifford as a witness. ITe was objected to by the plaintiff’s counsel, being the special bail of the defendant.
The defendant moves for a new trial on the ground of surprise. In support of the motion, a single affidavit was-produced, made by the defendant’s attorney, who states that he was not acquainted with Annaniah Gifford, and had no idea of his being the person named as special bail; and that Annaniah Gifford was in his opinion a material witness.
Surprise, although in some cases, justly the cause of granting a new trial is always admitted with great caution. When it is occasioned by an act of the adverse party, or by circumstances out of the knowledge and beyond the control of the party injured by it, he has been sometimes relieved ; *289 but I believe in no instance when he might have been fully informed by the exercise of ordinary diligence, or when the surprise was induced by his own oversight, forgetfulness or neglect. In Cooke v. Berry, 1 Wils. 98, the plaintiff supposed the plea to be a sham one, and on that account omitted to bring to the trial a letter he had received from the defendant acknowledging the debt; yet a new trial was denied. In Jackson v. Boe, 9 John. 77, the court refused to set aside a non-suit in ejectment, on the ground that the plaintiff was surprised by the defence set up. In Bond v. Cutler, 7 Mass. Hep. 205, the want of recollection of a fact by a party, which by due attention might have been remembered and proved, was deemed an insufficient ground for a new trial. In McDermott v. United States Ins. Co. 3 Serg.
Raide 604, it was held that a nev? trial will never be granted where the application rests upon the negligence of the party. The matters disclosed in the affidavit submitted to us on the present occasion do not constitute that kind of surprise which is made the foundation of a new trial.
But whatever may be the legal effect of surprise when fully shewn, the fact is not here properly established. The attorney being unacquainted with Gifford did not know that he was the person named as special bail. But did not the defendant ? He *was present with Gifford when [*244 they entered into the recognizance; and from that time until the witness was offered, he may have known and remembered that Gifford was the bail. ITe may have known that as such he was incompetent and inadmissible as a witness. The legal presumption is that he did, and he has laid before us no affidavit to the contrary.
There is, in our opinion, no sufficient ground to disturb the verdict.